for a private easement that she had in a piece of property which had been used as a road or highway, and which she claims has been destroyed because the city of New York had discontinued the use of that road as a public highway; but the city of New York has not in any way interfered with respondent's private easement in this road. It has discontinued the use of the road as a public road. The respondent sustained no damage because of such discontinuance, and no damage has been awarded to her by reason of the discontinuance of the public road. She acquired this easement over the strip of land that was used as a road as appurtenant to the property which she acquired. No act either of the city or of the public authorities granted her that easement, nor has the easement which is vested in her, appurtenant to her estate, been destroyed. Money raised by taxation is thus paid to the respondent to relinquish a private easement appurtenant to her land in the land of another, so that the owner of the servient estate can own his land discharged of the easement. When this case was before this court on the former appeal (95 App. Div. 533, 88 N. Y. Supp. 769) I dissented from the order then made, and I dissent from the affirmance of the order here granted, for the reasons stated upon that appeal. If chapter 1006, p. 2037, of the Laws of 1895, affected this respondent's private easement acquired by virtue of her deed conveying the property to her, I think it was clearly unconstitutional; but certainly the provision which required the city of New York to raise by taxation and to pay to this respondent any sum of money as the value of the private easement not acquired by the city and not affecting any property of the city is an express violation of section 10 of article 8 of the Constitution, which provides that "no county, city, town or village shall hereafter give any money or property, or loan its money or credit to or in aid of any individual, association or corporation; * * * nor shall any such county, city, town or village be allowed to incur any indebtedness, except for county, city, town or village purposes." Money of the city of New York raised by taxation is devoted in this case to pay to this respondent the value of a private easement appurtenant to her property, and of which property not owned by the city and in which the city has no interest is servient. I do not think that such a payment is authorized by chapter 1006, p. 2037, of the Laws of 1895; but, if it is, it is clearly a violation of the Constitution. I therefore dissent.

CLARKE, J., concurs.

---

MEISNER, Respondent, v. NEW YORK & Q. C. RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by Charles Meisner against the New York & Queens County Railway Company.

PER CURIAM. Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event, on the ground that the plaintiff did not make out a case sufficient to uphold the judgment.

HIRSCHBERG, P. J., and HOOKER, J., dissent.

---

MEITCH, Appellant, v. BARTRAM, Respondent. (Supreme Court, Appellate Division, Third Department. May 8, 1907.) Action by Emma Meitch against Mary Bartram. No opinion. Order affirmed, with costs.

---

MESSINA, Respondent, v. UNITED STATES MORTGAGE & TRUST CO., Appellant. (Supreme Court, Appellate Division, Second Department. May 10, 1907.) Action by Frank Messina, sometimes known as Frank De Cola, against the United States Mortgage & Trust Company, as receiver of the Brooklyn Wharf & Warehouse Company. No opinion. Motion granted.

---

MEUSER, Respondent, v. TOOKER, Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by Charles W. Meuser against Joseph H. Tooker. No opinion. Interlocutory judgment affirmed, with costs.

---

MEYERSOHN et al., Appellants, v. LEVIN et al., Respondents. (Supreme Court, Appellate Division, Second Department. May 3, 1907.) Action by Hyman Myersohn and another against Louis Levin and another. No opinion. The appeal having been discontinued by consent, the motion is dismissed, without costs.

---

MILLER, Respondent, v. CASWELL et al., Appellants. (Supreme Court, Appellate Division, Second Department. May 3, 1907.) Action by William S. Miller, agent, against Lincoln H. Caswell and another. No opinion. Appeal dismissed, with costs, for the failure to make and file a return, as required by the provisions of the Municipal Court Act.

---

MINERS' & MERCHANTS' BANK OF LONACONING, Respondent, v. ARDSLEY HALL CO., Appellant. (Supreme Court, Appellate Division, First Department. May 10, 1907.) Action by the Miners' & Merchants' Bank of Lonaconing against the Ardsley Hall Company. J. A. Stephens, for appellant, J. H. Caldwell, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed. See 99 N. Y. Supp. 98.

---

MITCHELL, Respondent, v. BRODIE, Appellant. (Supreme Court Appellate Division, Second Department. May 10, 1907.) Action by John W. W. Mitchell against William H. Brodie. No opinion. Order affirmed, with $10 costs and disbursements.

---

MORRISEY, Respondent, v. ANSTEY, Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by William G. Morrisey against Robert L. Anstey. No opinion. Judgment of the Municipal Court unanimously affirmed, with costs.

---

MORSE, Respondent, v. HIER, Appellant. (Supreme Court, Appellate Division, Fourth Department. September, 1906.) Action by

George H. Morse against John P. Hier. No opinion. Judgment and order affirmed, with costs.

MOSER et al. v. TALMAN et al. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by Mary Moser and others against Frederica Talman and others. No opinion. Final judgment affirmed, with costs. See 100 N. Y. Supp. 231.

MOSS, Appellant, v. BLANCHARD et al., Respondents. (Supreme Court, Appellate Division, First Department. May 10, 1907.) Action by Alexander Moss against John O. Blanchard and another. G. Ryall, for appellant. D. Emery, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

MOULTON, Respondent, v. ERIE R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 1, 1907.) Action by Bryam Moulton against the Erie Railroad Company. No opinion. Judgment and orders affirmed, with costs.

MOWSON, Appellant, v. SALYERDS et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. September, 1906.) Action by Eliza Mowson against Isaac N. Salyerds and another. No opinion. Judgment affirmed, with costs.

MULROY, Appellant, v. J. D. MURPHY CO., Respondent. (Supreme Court, Appellate Division, First Department. May 10, 1907.) Action by Annie Mulroy, as administratrix, against the J. D. Murphy Company. E. J. Gavegan, for appellant. F. V. Johnson, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

MUNDSCHENCK, Respondent, v. QUICK TRANSIT CO., Appellant. (Supreme Court, Appellate Division, Second Department. May 10, 1907.) Action by Frederick P. Mundschenck against the Quick Transit Company. No opinion. Judgment of the Municipal Court affirmed by default, with costs.

MURRAY, Respondent, v. NARWOOD, Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by James D'O. Murray against Holmes N. Narwood. No opinion. Judgment and order affirmed, with costs.

NATIONAL BANK OF BATTLE CREEK, v. HOWARD. (Supreme Court, Appellate Division, First Department. May 31, 1907.) Action by the National Bank of Battle Creek against Oliver O. Howard. Appeal by defendant from an order denying a motion for the issuance of a commission to take testimony on oral interrogatories. Affirmed, on conditions.

Ralph S. Rounds, for appellant. Andrew J. Shipman, for respondent.

PER CURIAM. The order appealed from should be reversed, and the motion for an open commission granted, with $10 costs and disbursements of the appeal and $10 costs of motion to the appellant to abide the event of the action, unless plaintiff files a stipulation within five days after the service of the order to be entered hereon that it will produce the witnesses Nichols and Austin for examination by the defendant upon the trial of the action, and that it will also produce the books and papers specified in the affidavit of the defendant necessary for the proper examination of said witnesses upon the trial. In the event that the plaintiff makes such a stipulation, and the witnesses or the necessary books and papers are not produced, the trial shall be adjourned pending the issue and execution of a commission. The defendant may then renew this application at the Special Term for a commission. If such stipulation is filed, the order appealed from is affirmed, without costs.

NEHLS, Appellant, v. NEW YORK BREWERIES CO., Respondent. (Supreme Court, Appellate Division, First Department. May 10, 1907.) Action by George Nehls against the New York Breweries Company. A. J. Talley, for appellant. F. Hulse, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

O'BRIEN, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by Susan O'Brien against the Brooklyn Heights Railroad Company. No opinion. Order of the County Court of Queens county affirmed, with $10 costs and disbursements.

In re O'BRIEN'S ESTATE. (Supreme Court, Appellate Division, Second Department. May 10, 1907.) In the matter of the estate of Honora O'Brien, deceased. No opinion. Motion denied, with $10 costs.

OLDMIXON, Respondent, v. DAVIS, Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by John C. Oldmixon against Clarence Davis. No opinion. Judgment and order affirmed, with costs.

ORVIS, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. May 8, 1907.) Action by Virginia Orvis against the New York Central & Hudson River Railroad Company.

PER CURIAM. Judgment affirmed, with costs.

KRUSE, J., dissents.

PAVENSTEDT v. NEW YORK LIFE INS. CO. (Supreme Court, Appellate Division, First